**Reversed and Remanded; Opinion Filed July 22, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00889-CV

**JAGADISH BALACHANDRACHARI, Appellant**
**V.**
**THERESA KIM-HOA TANG,**
**THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS, Appellees**

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-12-11165-R**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and O'Neill[1]
Opinion by Justice Lang

Jagadish Balachandrachari, appellant, appeals from the family court's order denying appellant a de novo hearing based on the trial court's conclusion it lacked plenary power to consider his timely filed appeal of the associate judge's report. Appellee, the Attorney General of the State of Texas (the "OAG"), acknowledges the family court abused its discretion by dismissing appellant's de novo appeal of the associate judge's report when it denied appellant's motion to reconsider. However, the OAG contends the family court's order denying appellant's motion to reconsider is not final and we have no jurisdiction.

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned

We conclude we have jurisdiction. Appellant's sole issue is decided in his favor. Therefore, the family court's order denying appellant's motion to reconsider is reversed, and we remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL CONTEXT

The OAG filed a Motion for Enforcement of Child Support and Medical Support and Suit for Modification seeking: (1) to hold appellant in contempt of court for failure to pay both child and medical support, (2) to obtain a judgment against appellant for unpaid arrearages of both child and medical support, and (3) to modify appellant's current child and medical support obligations. Pursuant to sections 201.001[2] and 201.005[3] of the Texas Family Code, the motion was heard before an associate judge. On March 18, 2015, the associate judge issued his report pursuant to section 201.011 of the Texas Family Code,[4] which found appellant owed $17,750.30 in child support and $1,523.30 in medical support as of January 31, 2015, and appellant's current child support and medical support obligations were modified to $0 per month.

On March 23, 2015, appellant filed a timely notice of appeal of the associate judge's report and a request for de novo hearing before the family court. Months later, on June 9, 2015, the family court convened a hearing on appellant's de novo appeal and orally pronounced it lacked plenary power over the de novo appeal due to the limitations contained in Texas Rule of

---

[2] Section 201.001 states, in part:

(a) A judge of a court having jurisdiction of a suit under [the Texas Family Code] may appoint a full-time or part-time associate judge to perform the duties authorized by this chapter if the commissioners court of a county in which the court has jurisdiction authorizes the employment of an associate judge.

TEX. FAM. CODE ANN. § 201.001 (West 2016).

[3] Section 201.005 states, in part:

(a) Except as provided by this section, a judge of a court may refer to an associate judge any aspect of a suit over which the court has jurisdiction under this title

TEX. FAM. CODE ANN. § 201.005.

[4] Section 201.011 states, in part:

(a) The associate judge's report may contain the associate judge's findings, conclusions, or recommendations and may be in the form of a proposed order.

TEX. FAM. CODE ANN. § 201.011.

Civil Procedure 329b.[5] The OAG argued and the family court agreed that because the hearing on appellant's de novo appeal was conducted more than 75 days after the associate judge issued its report on March 18, 2015, the family court lost plenary power. Specifically, the trial court stated at the de novo hearing, "I'm agreeing with [the OAG] that the Court has lost plenary power over this matter, and so . . . your appeal is denied." No written order confirming the oral pronouncement appears in the record. On June 16, 2015, appellant filed a motion to reconsider the family court's oral ruling that it lacked plenary power. On June 25, 2015, the family court signed a written order, stating, "It is ordered that the Motion to Reconsider is DENIED as it was overruled by operation of law." Appellant timely appealed to this Court.

## II. STANDARDS OF REVIEW

"We review de novo whether this Court has jurisdiction over an appeal because jurisdiction is a legal question." *Weekly Homes, L.P. v. Rao*, 336 S.W.3d 413, 417 (Tex. App.—Dallas 2011, pet denied). When a notice of appeal of an associate judge's report is properly filed, the requirement that the family court hold a de novo hearing is mandatory. *Attorney General of Tex. v. Orr*, 989 S.W.2d 464, 469 (Tex. App.—Dallas 1999, no pet.).

## III. DE NOVO APPEAL OF THE ASSOCIATE JUDGE'S REPORT

### A. Applicable Law

Pursuant to section 201.005 of the Texas Family Code, a family court may refer to an associate judge any aspect of a suit over which the court has jurisdiction. TEX. FAM. CODE ANN. § 205.005 (West 2016). Upon ruling on the referred matter, the associate judge is to issue a

---

[5] Rule 329b states, in part:

(b) In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

TEX. R. CIV. P. 329b(c).

report, which may contain the associate judge's findings, conclusions, or recommendations. *Id.* Such recommendations may be in the form of a proposed order. *Id.* § 201.011.

Appellate courts have jurisdiction to consider an appeal from a "final order" rendered under Title 5 of the family code. *Id.* § 109.002(b). Associate judges do not have the "power to render final judgment" outside the context of certain limited exceptions listed in section 201.007 of the family code. *Graham v. Graham*, 414 S.W.3d 800, 801 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing TEX. FAM. CODE. ANN. 201.007(a)(14) (listing orders that associate judges may sign)). However, an order of an associate judge presiding over a Title IV-D case[6] becomes a final order of the family court by operation of law without need for ratification by the family court if a "request" for a de novo hearing is not filed in the family court within three days of the associate judge's ruling. *See id.* §§ 201.015(a), 201.1041(a). In contrast, where a party timely requests a de novo hearing, the associate judge's order does not become a final order of the family court, and the family court retains the power to "adopt, modify, or reject the associate judge's order, hear further evidence, or recommit the matter to the associate judge." *Graham*, 414 S.W.3d at 802; *see also Bowman v. Burks*, 2011 WL 2418475, at *2 (Tex. App.—Houston [1st Dist.] May 26, 2011, no pet.) ("Because [a party] timely requested a de novo hearing of the associate judge's ruling, the associate judge's order never became final.").

Where a party timely requests a de novo hearing before the family court, "[t]he referring court, after notice to the parties, shall hold a de novo hearing not later than the 30th day after the date on which the initial request for a de novo hearing was filed with the clerk of the referring court." TEX. FAM. CODE ANN. §§ 201.015(f). "The purpose of section 201.015 is to require the prompt resolution of appeals from an associate judge's rulings." *Fountain v. Knebel*, 45 S.W.3d

---

[6] In Texas, the Office of the Attorney General is the agency designated to enforce child support obligations pursuant to Title IV-D of the Social Security Act. *See* 42 U.S.C. § 651 (2012); *Office of Attorney General of Tex. v. Lee*, 92 S.W.3d 526, 527 (Tex. 2002). "Title IV-D" cases refer to those enforcement actions filed by the Office of the Attorney General.

736, 739 (Tex. App.—Dallas 2001, no pet.). "Nonetheless, the referring court does not lose its jurisdiction over the appeal of the associate judge's order if it fails to hear an appeal within thirty days after the notice of appeal is filed." *Id.*; *see also Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995). "Rather, the thirty-day provision affords a party the right to compel the district court to hear the case promptly." *Id*. The requirement is a deadline for the family court, not the parties. *Id.* "Once a party has filed a notice of appeal, the party has completed the prerequisites necessary to be entitled to a de novo hearing." *Id.*

Pursuant to Texas Rule of Civil Procedure 329b, "a trial court retains jurisdiction over a case for a minimum of thirty days after signing a *final* judgment." *Pipes v. Hemingway*, 358 S.W.3d 438, 445 (Tex. App.—Dallas 2012, pet. denied) (citing TEX. R. CIV. P. 329b) (emphasis added). "The period of plenary power may be extended by timely filing an appropriate *postjudgment* motion." *Id.* (emphasis added). "However, the trial court's plenary power cannot extend beyond 105 days after the trial court signs the judgment." *Id.*

As a general rule, "appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record[.]" *Id.* "Because the law does not require that a final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case." *Id.*

### B. Application of Law to the Facts

Appellant's sole issue on appeal asks, "Did the referring court abuse its discretion by denying Appellant a de novo hearing on his timely filed notice of appeal of associate judge's report."[7] The pivotal order dated June 25, 2015 is the family court's "Order on Motion to

---

[7] However, appellant's notice of appeal states that appellant "files this Notice of Appeal from the judgment signed by the Court on June 25th, 2015."

Reconsider." That order "denied" appellant's motion to reconsider which asserted the family court's prior oral order dismissing the appeal and request for de novo hearing was in error and that Rule 329b did not, in fact, operate to limit the plenary power of the family court.[8]

The OAG concedes that the family court "misapplied the law and failed to give [appellant] a hearing on the issues." However, citing *Lehmann v. Har-Con Corp.*, the OAG argues this court lacks jurisdiction over this appeal because the order denying appellant's motion to reconsider is not a final order in that it "failed to address the underlying issue of the failure to give [appellant] a de novo hearing on the merits, as alleged in [appellant's motion to reconsider]." *See Lehmann*, 39 S.W.3d at 195–200. Of course, appellant contends we have jurisdiction. For the reasons set forth below, we consider the decision of the family court denying reconsideration of appellant's request for a de novo hearing to be substantively the same decision it made when it orally pronounced it lacked "plenary power" over appellant's de novo appeal and dismissed the appeal from the associate judge.

On this record, the family court's orally rendered order that it had lost plenary power and the appeal for a de novo hearing was dismissed disposes of all parties and claims. *See id.* at 200. Likewise, the ruling of the family court denying reconsideration, which turned on the same jurisdictional decision under Rule 329b, disposes of all parties and claims. *See id.* Thus, the denial of the motion to reconsider is final and we have jurisdiction to consider the merits of that dismissal.

We conclude the family court erred when it dismissed the de novo appeal pursuant to Rule 329b. Rule 329b specifies the point in time when a trial court loses plenary jurisdiction over a matter after the trial court has signed a *final* judgment. *See* TEX. R. CIV. P. 329b; *see also*

---

[8] Specifically, appellant's motion to reconsider states, "This Court made a ruling that is not consistent with Texas Rules of Civil Procedure applied."

*Pipes*, 358 S.W.3d at 445. In this case, at the time the family court dismissed appellant's de novo appeal citing Rule 329b, the associate judge's report was not final because appellant filed a timely de novo appeal of that report pursuant to family code section 201.015(f). *See Bowman*, 2011 WL 2418475, at *2. Additionally, Texas family law is clear that "the referring court does not lose its jurisdiction over the appeal of the associate judge's order if it fails to hear an appeal within thirty days after the notice of appeal is filed." *Fountain*, 45 S.W.3d at 739. Accordingly, the family court erred in dismissing appellant's de novo appeal from the associate judge.

We decide appellant's sole issue in his favor.

## IV. CONCLUSION

The family court's order denying appellant's motion for reconsideration is reversed. We remand for further proceedings consistent with this opinion.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE


150889F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAGADISH BALACHANDRACHARI,
Appellant

No. 05-15-00889-CV     V.

THERESA KIM-HOA TANG,
THE OFFICE OF THE ATTORNEY
GENERAL OF TEXAS, Appellees

On Appeal from the 254th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-12-11165-R.
Opinion delivered by Justice Lang. Justices
Bridges and O'Neill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is

**REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent

with this opinion.

It is **ORDERED** that appellant JAGADISH BALACHANDRACHARI recover his costs

of this appeal from appellee THE ATTORNEY GENERAL OF THE STATE OF TEXAS.

Judgment entered this 22nd day of July, 2016.