GRANT and Opinion Filed July 19, 2019



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00653-CV

## IN RE SOUTHERN MANAGEMENT SERVICES, INC.
## AND DAVID DISIERE, Relators

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-03991**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Whitehill

In this mandamus proceeding, relators seek relief from an order reinstating a case that was dismissed for want of prosecution. They argue that the order is void because it was signed after the trial court lost plenary power. We conclude relators are entitled to the relief requested and accordingly grant the writ instanter.

## I. BACKGROUND

Real party in interest The Land Rig Clearing House, LLC sued relators Southern Management Services, Inc. and David Disiere.

On March 29, 2018, the trial court dismissed the suit for want of prosecution.

On April 16, 2018, real party in interest filed a motion to reinstate. The docket sheet suggests that the trial court heard the motion on May 4, 2018, but no order was signed then or for almost a year thereafter.

On April 12, 2019, the trial judge finally signed an order granting the plaintiff's motion and reinstating the lawsuit. On Friday, May 31, 2019, the trial court clerk notified the parties' counsel that the case had been called to trial the following Tuesday, June 4.

On June 3, relators filed this original proceeding and sought emergency relief. We granted emergency relief and stayed all trial court proceedings. We also requested responses to the mandamus petition from real party in interest and respondent by June 18. We received no response. However, the online Dallas County Texas Courts Portal shows that (i) real party in interest filed a notice of nonsuit as to the whole case on June 19 and (ii) the trial court signed a nonsuit order on June 20. We take judicial notice of these events. *See* TEX. R. EVID. 201(b)–(d).

Relators argue that the April 12, 2019 reinstatement order is void because the trial court's plenary period had previously expired.

## II.  AVAILABILITY OF MANDAMUS REVIEW

To obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that the relator has no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Mandamus is available to set aside a reinstatement order signed after the trial court's plenary power expires. *In re Integras Capital Recovery LLC*, No. 05-15-00362-CV, 2015 WL 1730200, at *2 (Tex. App.—Dallas Apr. 15, 2015, orig. proceeding) (mem. op.).

## III.  DISCUSSION

"Any action taken by a trial court after it loses plenary power is void." *Pipes v. Hemingway*, 358 S.W.3d 438, 445 (Tex. App.—Dallas 2012, no pet.).

Here, respondent signed an order dismissing the case on March 29, 2018. A motion to reinstate was filed on April 16, 2018, but the court did not sign an order on the motion to reinstate within seventy-five days after dismissal (that is, by June 12, 2018). Pursuant to rule 165a, the motion to reinstate was denied as a matter of law at that time. *See* TEX. R. CIV. P. 165a(3). The trial court retained plenary power for thirty days after the denial. *See id.* Nothing happened in the case during that period. Accordingly, the trial court's plenary power expired on July 12, 2018. Respondent's April 12, 2019 order reinstating the case is void because it was signed nine months after the trial court lost plenary power.[1] *See Pipes*, 358 S.W.3d at 445.

## IV. CONCLUSION

We conclude the trial court's reinstatement order is void because the court's plenary power expired before the trial judge signed it. Accordingly, we grant relators' petition and order that a writ of mandamus issue instanter. We vacate the trial court's April 12, 2019 reinstatement order. We lift the stay issued by this Court on June 3, 2019.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

190653F.P05

---

[1] Because the trial court's nonsuit order is likewise void, it does not moot this mandamus proceeding.

–3–