**GRANTED; Opinion Filed December 9, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-01355-CV**

## IN RE MIKOOZ MART AND SYED ASIM RAZA RIZVI, Relators

**Original Proceeding from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-14482**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Nowell
Opinion by Justice Myers

Relators, Mikooz Mart and Syed Asim Raza Rizvi, filed a petition for writ of mandamus

contending the trial court abused its discretion by reinstating this case after its plenary power had

expired. After reviewing the petition, the response from the real party in interest, and the

mandamus record, we conclude the trial court lacked plenary power to reinstate the case, and the

court's order reinstating the case is void. Therefore, relators are entitled to mandamus relief, and

we grant the writ instanter.

Real party in interest, Olivia Romero, sued relators alleging premises liability because she

slipped and fell in their store. The trial court dismissed the case for want of prosecution on

February 27, 2019.[1]  Real party did not file a motion to reinstate or notice of appeal within thirty days.  Nor did she file a notice of restricted appeal.

On August 7, 2019, 161 days after the trial court signed the judgment dismissing the suit for want of prosecution, real party filed "Plaintiff's Verified Motion to Extend Post-Judgment Deadlines and Reinstate."  Real party asserted in the motion that she and her counsel did not receive notice of the judgment until July 29, 2019, 152 days after the signing of the judgment, when real party's counsel visited the Dallas County District Clerk's website.  She also stated, "Plaintiff files this Motion to Extend during the Court's plenary power over the judgment pursuant to Tex. R. Civ. P. 306a(5)."  On September 20, 2019, 205 days after the judgment, the trial court granted the motion and ordered that the case was "re-opened."

Mandamus is an available remedy to set aside a reinstatement order signed after the trial court's plenary power expires. *In re Dansby*, 583 S.W.3d 838, 840 (Tex. App.—Dallas 2019, orig. proceeding); *In re S. Mgmt. Servs., Inc.*, No. 05-19-00653-CV, 2019 WL 3244492, at *1 (Tex. App.—Dallas July 19, 2019, orig. proceeding) (mem. op.).  Generally, to be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding).  If the trial court lacked subject-matter jurisdiction over the underlying proceeding, then the order is void.  *In re Ashton*, 266 S.W.3d 602, 604 (Tex. App.—Dallas 2008, orig. proceeding).  A trial court abuses its discretion by entering a void order, and the relator need not establish lack of an adequate appellate remedy to obtain mandamus relief.  *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

---

[1] The date handwritten on the judgment dismissing the case is not clear as it is obscured by other writing.  The day of the month could be 21, 24, or 27.  However, relators state in their petition that the trial court signed the judgment dismissing the case for want of prosecution on February 27, 2019.  If the actual date were February 21 or 24, it would not change the outcome of this proceeding.

Ordinarily, a party must file a motion to reinstate within thirty days of the judgment dismissing the case for want of prosecution. TEX. R. CIV. P. 165a(3). If the trial court does not rule on the motion, then it is overruled by operation of law seventy-five days after the judgment is signed. *Id.* If a party timely files a motion to reinstate, then the trial court "has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." *Id.* "Any action taken by a trial court after it loses plenary power is void." *Pipes v. Hemingway*, 358 S.W.3d 438, 445 (Tex. App.—Dallas 2012, no pet.).

Rule of Civil Procedure 306a(4) and (5) provides a procedure for extending the trial court's plenary power to consider a motion to reinstate. *See* TEX. R. CIV. P. 165a(3), 306a(4), (5). This rule applies when the movant and the movant's attorney did not receive notice of the signing of the judgment nor acquire actual knowledge of the judgment within twenty days after the signing of the judgment but did receive notice or acquire knowledge of the judgment within ninety days of the judgment. *Id.* 306a(4), (5); *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993) (per curiam) ("[N]otice received after the 90th day is simply not covered by the Rule.") If the party proves the date it received notice or acquired knowledge of the judgment was within twenty to ninety days of the signing of the judgment, then the time for filing the post-judgment motions and the trial court's plenary power to rule on the motions run from the date of notice or knowledge. TEX. R. CIV. P. 306a(4), (5).

Real party stated in her motion to reinstate that her attorney received notice of the judgment on July 29, 2019, which was 152 days after the signing of the judgment. Because real party did not receive notice within ninety days of the judgment, Rule 306a(4), (5) did not apply to real party and did not extend the time for real party to file her motion for reinstatement of the case. *See Levit*, 850 S.W.2d at 470 ("The actual knowledge acquired by Levit on the 91st day after dismissal did

not suffice under Rule 306a(4) to restart the trial court's jurisdiction to entertain a motion to reinstate."). Therefore, the trial court's plenary power to reinstate the case expired on March 29, 2019, thirty days after the signing of the final judgment.[2] TEX. R. CIV. P. 329b(d).

The trial court signed the order granting real party's motion to reinstate after its plenary power had expired. Therefore, the order was void and constituted an abuse of discretion. *See In re Sw. Bell*, 35 S.W.3d at 605. Because the order was void, relators need not show they lacked an adequate appellate remedy. *See id.*

Real party argues she and her attorney did not receive notice that the case was set for hearing on the dismissal docket or notice that the trial court had signed the final judgment. *See* TEX. R. CIV. P. 165a(1) (trial court clerk required to send notice of dismissal hearing and notice of judgment of dismissal to each party or attorney); *id.* 306a(3) (trial court clerk required to send notice of signing of final judgment to each party or attorney). She argues that to uphold the dismissal of this case despite her lack of notice of the dismissal hearing and of the signing of the judgment would violate her constitutional right to due process and be an abuse of discretion by this Court. However, the cases real party cites demonstrate she had potential avenues to obtain reinstatement of the case other than a Rule 306a(4) motion and motion to reinstate, including a restricted appeal and a bill of review. *See Dickerson v. Sonat Expl. Co.*, 975 S.W.2d 339 (Tex. App.—Tyler 1998, pet. denied) (restricted appeal); *Gutierrez v. Lone Star Nat'l Bank*, 960 S.W.2d 211 (Tex. App.—Corpus Christi–Edinburg 1997, pet. denied) (bill of review); *see also* TEX. R. APP. P. 30 (restricted appeal). Real party's lack of notice of the dismissal hearing and of the judgment does not create an exception to the deadlines in Rule 306a. *See* TEX. R. CIV. P. 165a(1)

---

[2] Even if Rule 306a(4) could apply when the party received notice more than ninety days after the judgment, it could not extend the period for real party to file her motion to reinstate more than ninety days. TEX. R. CIV. P. 306a(4) ("[I]n no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed."). The trial court signed the judgment ordering the case dismissed for want of prosecution on February 27, 2019. Therefore, even if Rule 306a(4) applied, real party's motion to reinstate would have been due no later than 120 days after the judgment, which was June 27, 2019. Because real party did not file the motion to reinstate until August 7, 2019, it was untimely and could not extend the trial court's plenary power.

(trial court clerk's failure to send notices of dismissal hearing or of dismissal for want of prosecution "shall not affect any of the periods mentioned in Rule 306a except as provided in that rule"). Real party's arguments do not show that the trial court had jurisdiction to reinstate the case.

We grant relators' petition for writ of mandamus and order that the writ of mandamus issue instanter. We vacate the trial court's September 20, 2019 reinstatement order. We lift the stay issued by this Court on November 12, 2019.

/Lana Myers/
LANA MYERS
JUSTICE

191355F.P05