**DISMISS and Opinion Filed June 13, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-01233-CV**

**AKINO BRUMFIELD, Appellant**

**V.**

**LANDCARE USA L.L.C. & NAMBO GUADLUAPE, Appellees**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-11764**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Smith
Opinion by Justice Smith

We questioned our jurisdiction over this appeal from the trial court's summary judgment as the judgment appeared to have been signed outside the trial court's plenary power, making the judgment void. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam) (appellate courts lack jurisdiction to address merits of appeal from void judgment); *Pipes v. Hemingway*, 358 S.W.3d 438, 445 (Tex. App.—Dallas 2012, no pet.) (action taken by trial court outside plenary power is void). As reflected in the clerk's record, the underlying cause was initially dismissed for want of prosecution on October 11, 2021. A motion

to reinstate was timely filed, and the motion was granted on December 6, 2021. *See* TEX. R. CIV. P. 165a3 (providing that motion to reinstate must be filed within thirty days of dismissal order). The trial court then signed the appealed summary judgment on October 14, 2022.

Although a timely filed motion to reinstate extends a trial court's plenary power over a case to seventy-five days from the date of judgment, the motion must be verified. *See id.*; *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding) (per curiam). The motion here, however, was unverified, resulting in the trial court's plenary power over the underlying case expiring November 12, 2021 and the appealed summary judgment being void. *See* TEX. R. CIV. P. 4, 329b(d); *Pipes*, 358 S.W.3d at 445.

We informed the parties by letter that when an appeal is taken from a void judgment, we have jurisdiction only to vacate the judgment and dismiss the appeal. *See In re M.K.*, 514 S.W3d at 369, 390 (Tex. App.—Fort Worth 2017, no pet.). Although we gave the parties an opportunity to show cause why the appeal should be retained, more than ten days have passed, and the parties have not done so. Accordingly, on the record before us, we vacate the October 2022 summary judgment and dismiss the appeal. *See id.*

/Craig Smith/
_____
CRAIG SMITH
JUSTICE

221233F.P05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

AKINO BRUMFIELD, Appellant

No. 05-22-01233-CV     V.

LANDCARE USA L.L.C. &
NAMBO GUADALUPE, Appellees

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-11764.
Opinion delivered by Justice Smith,
Justices Molberg and Carlyle
participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's October 14, 2022 summary judgment and **DISMISS** the appeal.

We **ORDER** that appellees Landcare USA L.L.C. & Nambo Guadalupe recover their costs, if any, of this appeal from appellant Akino Brumfield.

Judgment entered June 13, 2023

–3–