David Mason MONTGOMERY,
Appellant

v.

AURORA LOAN SERVICES,
LLC, Appellee.

No. 05–11–00111–CV.

Court of Appeals of Texas,
Dallas.

July 19, 2012.

Rehearing Overruled Aug. 17, 2012.

**618**

Nadine R. King–Mays, The King–Mays Firm, Dallas, TX, for Appellant.

James Garth Fennegan, Jacob L. McBride, Barry D. Johnson, SettlePou, P.C., Dallas, TX, for Appellee.

Before Justices O'NEILL, MARTIN RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

This is a consolidated appeal from two lawsuits: a lawsuit filed by appellant David Mason Montgomery against appellee Aurora Loan Services, LLC relating to a foreclosure sale, and a forcible detainer filed by Aurora against Montgomery. In both cases, the trial court rendered judgment in favor of Aurora. For the following reasons, we affirm the trial courts' judgments.

### Background

Montgomery purchased rental property and executed a promissory note in favor of Trian, LLC. The note was secured by a deed of trust. Later that month, Trian assigned the note and deed of trust to Lehman Brothers Bank, FSB. A few years later, Montgomery defaulted on his loan, and Aurora, the mortgage servicer, sent him notice that it intended to foreclose on the property. Ultimately, Aurora foreclosed on and then purchased the property.

Montgomery sued Aurora alleging that Aurora failed to record the notice of foreclosure sale and the substitute trustee's deed in the county deed records. Aurora moved for summary judgment asserting that it complied with all statutory requirements, and the trial court granted the motion. Montgomery appealed. A few months later, Aurora filed a forcible detainer lawsuit in justice of the peace court claiming that it was entitled to possession of the property. Montgomery defaulted, and the court rendered judgment in Aurora's favor. Montgomery appealed to the county court at law arguing, among other things, that Aurora had no rights under the deed of trust and, consequently, the substitute trustee's deed was void. The trial court rendered judgment in favor of Aurora. Montgomery appealed, and we consolidated the two appeals.

## Issues on Appeal

Montgomery raises three issues on appeal:

(1) Whether Summary Judgment is appropriate when a fact issue exists as to the standing of Aurora to represent itself as Lender/Mortgagee of a Loan when evidence establishes that Aurora was not the Lender, Mortgagee or Holder of the Note and Deed of Trust at the time of the foreclosure and therefore unable to take any of the actions prerequisite to foreclosure including posting, appointing the Substitute Trustee and recording Notices.

(2) Whether the Texas Property Code, Texas Local Government Code and Texas Rules of Evidence compel that a Notice of Foreclosure sale be filed of record twenty-one (21) days prior to the foreclosure sale in the county Deed Records where the Property is located.

(3) Whether a borrower who remains on a Property after a foreclosure sale becomes a tenant-at-sufferance of the Purchaser when the alleged Seller at foreclosure had no interest in the Note or Deed of Trust at the time of the foreclosure sale.

## Discussion

We construe issues one and two as relating to Montgomery's appeal in the foreclosure case. We construe issue three as relating to his appeal from the forcible detainer lawsuit.

### The Foreclosure Case

In issue one, Montgomery argues that fact issues exist precluding summary judgment. We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law.

*Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied).

■ Montgomery contends that he raised a fact issue because, in response to Aurora's motion for summary judgment, he alleged that Aurora lacked authority to sell the property at foreclosure and "has wholly failed to establish that it was the holder of the note, or possessed any interest in the Note at any relevant period." It is important, however, to put this contention in the context of the pleadings before the trial court. Montgomery is the party that filed the lawsuit and his only claim was that Aurora did not file the notice of foreclosure sale as required under Texas Property Code Section 51.002(b). In fact, in his original petition Montgomery states that he "entered into a mortgage agreement with Aurora Loan Services, LLC securing payment on property. . . ." Montgomery did not allege that Aurora lacked authority to foreclose. *See SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354–55 (Tex.1995) (stating petition must give notice of claim and defendant required only to meet plaintiff's case as pleaded).

Montgomery argued that Aurora should not have foreclosed only after Aurora filed its motion for summary judgment seeking dismissal of Montgomery's claims. And Aurora objected that Montgomery's claim that Aurora lacked authority to foreclose was not pleaded and could not be considered in opposition to its motion for summary judgment. *See Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex.2006) (stating defendant has two options when plaintiff raises new issue in response to motion for summary judgment: object on ground issue not pleaded, or respond on merits and try issue by consent); *Pipes v. Hemingway*, 358 S.W.3d 438, 447 n. 3 (Tex. App.-Dallas 2012, no pet.). Although Montgomery claimed in his response that

he would file a verified amended petition raising the new claims, there is no such petition in the record. And we may not reverse summary judgment on a ground that was not expressly presented to the trial court. *See Via Net,* 211 S.W.3d at 313; *Pipes,* 358 S.W.3d at 447 n. 3. Consequently, issue one presents nothing for our review.

■ In issue two, Montgomery argues that summary judgment was not appropriate because "Aurora has not provided admissible evidence to establish that the elements of foreclosure have been met under either the Texas Property Code or the Deed of Trust." He objects to Aurora's summary judgment evidence, and he argues that the foreclosure sale is void because Aurora did not record the notice of sale in the Dallas County deed records. But Montgomery did not obtain rulings on his evidentiary objections and those arguments are not preserved for our review. *See* TEX.R.APP. P. 33.1(a); *Thompson v. Chrysler First Bus. Credit Corp.,* 840 S.W.2d 25, 28–29 (Tex.App.-Dallas 1992, no writ).

He also argues that Texas Property Code Section 51.002(b)(2) required Aurora to record the notice of foreclosure sale in the deed records. We disagree.

Section 51.002(b) of the property code states:

(b) Except as provided by Subsection (b-1) [does not apply here], notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by:

(1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;

(2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and

(3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

TEX. PROP.CODE ANN. § 51.002(b) (West Supp. 2011). Montgomery contends that subsection (b)(2)'s filing requirement is actually a recording requirement. He contends that the notice of foreclosure sale must be recorded in the deed records and because Aurora did not record the notice of foreclosure sale, the sale is void.

■ Statutory construction is a question of law which we review de novo. *See City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 357 (Tex.2000); *Richardson Indep. Sch. Dist. v. GE Capital Corp.,* 58 S.W.3d 290, 293 (Tex.App.-Dallas 2001, no pet.). In construing a statute, we must determine and give effect to the legislature's intent. *Galbraith Eng'g Consultants, Inc. v. Pochucha,* 290 S.W.3d 863, 867 (Tex.2009). The starting point is to look at the plain and common meaning of the statute's words unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results. *See City of Rockwall v. Hughes,* 246 S.W.3d 621, 625–26 (Tex. 2008); *see also Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 866 (Tex.1999) ("It is a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent."). If the language is unambiguous, the statute will be interpreted according to its plain meaning. *Hughes,* 246 S.W.3d at 626.

■ We conclude that section 51.002(b)(2) is unambiguous, and we con-

strue it according to its plain meaning. *See id.* The plain language of section 51.002(b)(2) requires a party to file the notice of sale with the county clerk in which the property is located. *See* TEX. PROP.CODE ANN. § 51.002(b)(2). It does not require the notice of sale to be recorded in the permanent deed records. *See id.; Thompson,* 840 S.W.2d at 32. This construction of subsection (b)(2) is supported by subsection (f), which states that the county clerk must keep the notices filed under subsection (b)(2) "in a convenient file that is available to the public for examination during normal business hours." TEX. PROP.CODE ANN. § 51.002(f). Subsection (f) also allows the clerk to "dispose of the notices after the date of sale specified in the notice has passed." *Id.* Based on the statute's plain language, we conclude that the legislature did not intend subsection (b)(2) of section 51.002 to require a party to record a notice of foreclosure sale in the permanent deed records of the county in which the property is located. *See Thompson,* 840 S.W.2d at 32. We resolve issue two against appellant.

*The Forcible Detainer Lawsuit*

■ In issue three, Montgomery frames his issue as whether "a Borrower who remains on Property after a foreclosure sale becomes a tenant-at-sufferance of the Purchaser when the alleged Seller had no interest in the Note or Deed of Trust at the time of the foreclosure sale." But his argument does not address the issue and, instead, focuses again on Aurora's alleged lack of authority to sell the property at foreclosure.

■ A forcible detainer lawsuit is a procedure to determine the right to immediate possession of real property where there was no unlawful entry. *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex.App.-Dallas 2001, no pet.). In a forcible detainer lawsuit, "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX.R. CIV. P. 746. Consequently, whether Aurora lacked authority to sell the property at foreclosure or whether the substitute trustee's deed is valid may not be determined in a forcible detainer lawsuit. *See id.; Scott v. Hewitt,* 127 Tex. 31, 90 S.W.2d 816, 818–19 (1936). Issue three presents nothing for our review.

### Conclusion

We affirm the trial courts' judgments.