AFFIRMED; Opinion Filed October 31, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-01416-CV

JANOS FARKAS, Appellant

V.

FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A FANNIE MAE, Appellee

On Appeal from the County Court at Law No. 2
Dallas County, Texas
Trial Court Cause No. CC-11-06326-B

# MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice Lang-Miers

Janos Farkas[1] appeals the county court at law's judgment in favor of the Federal National

Mortgage Association, also known as Fannie Mae, in a forcible detainer proceeding. In two issues,

Farkas argues that Fannie Mae did not establish the required elements of forcible detainer and that

the trial court erred in denying his plea in abatement. Because all dispositive issues are settled in

law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm.

---

[1] Fannie Mae sued Farkas and all occupants of the property. Both the justice court and county court at law rendered judgment against Farkas and all occupants. Farkas tried the case pro se and only Farkas appealed the judgment of the county court at law to this Court. As a result, Farkas is the only appellant before the Court.

# BACKGROUND

On January 2, 2007, Farkas executed a promissory note secured by a deed of trust for property located at 1122 Jackson Street, Number 608, Dallas, Texas 75202. The deed identified WR Starkey Mortgage, L.L.P. as lender. In the event that Farkas defaulted on the note, section 22 of the deed of trust provided the lender with remedies, including the power of sale by foreclosure. Section 22 provided:

> If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

After Farkas defaulted on the note, Aurora Loan Services, LLC purchased the property at a foreclosure sale, and then conveyed the property to Fannie Mae. Attorneys for Fannie Mae sent a notice to vacate to Farkas by both certified mail and first-class mail demanding that Farkas vacate the property within three days. Farkas did not vacate the property and Fannie Mae filed a forcible detainer proceeding in the justice court against Farkas and all occupants of the property. The justice court awarded possession of the property to Fannie Mae.

Farkas appealed to the county court at law and filed a plea in abatement in that case stating that he had also filed a case in the district court "complaining of the wrongful actions of [Fannie Mae] and others in the conduct of the foreclosure process." He "ask[ed] the Court to abate these proceedings until a determination of the issues of title to the property has been made" by the district court. The county court at law denied the plea in abatement and conducted a de novo bench trial. The court admitted the following as Fannie Mae's exhibits without objection from Farkas: (1) a certified copy of the deed of trust signed by Farkas; (2) a certified copy of the substitute trustee's deed showing that Aurora was the purchaser of the property at the foreclosure sale; (3) a certified

copy of the special warranty deed transferring ownership of the property from Aurora to Fannie Mae; and (4) a copy of the notice to vacate sent by certified and first-class mail by Fannie Mae's counsel to Farkas and a printout from the United States Postal Service indicating that the copy sent by certified mail was unclaimed and returned. Farkas testified that he still was in possession of the property at the time of trial. The county court at law rendered judgment awarding possession of the property to Fannie Mae. This appeal followed.

## APPLICABLE LAW

In a forcible detainer proceeding, "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX. R. CIV. P. 746; *see Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936); *Montgomery v. Aurora Loan Servs., LLC*, 375 S.W.3d 617, 621 (Tex. App.—Dallas 2012, pet. filed). It is cumulative—not exclusive—of other remedies that a party may have in the courts of this state. *Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891, 893 (Tex. App.—Dallas 2011, pet. denied). A party may bring a separate lawsuit in the district court to determine a title dispute. *Id.* However, a title dispute does not deprive a justice court or county court at law of jurisdiction unless determining who has the right to immediate possession necessarily requires resolution of the title dispute. *Id.*

## LANDLORD-TENANT RELATIONSHIP AND NOTICE

In his first issue, Farkas argues that Fannie Mae did not establish the elements of forcible detainer. Specifically, Farkas contends that (1) Fannie Mae did not establish that it had a landlord-tenant relationship with Farkas and (2) Fannie Mae did not prove proper delivery of a notice to vacate. *See* TEX. PROP. CODE ANN. § 24.002 (West 2000), § 24.005(f)–(g) (West Supp. 2012).

Fannie Mae argues that Farkas has not preserved these arguments because Farkas does not identify where in the record Farkas presented these arguments to the trial court and the trial court

ruled against him on the arguments. But we construe his arguments to be a legal sufficiency challenge and "[i]n a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence . . . may be made for the first time on appeal in the complaining party's brief." TEX. R. APP. P. 33.1(d).

When a party challenges the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the finding, indulging every reasonable inference in support. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable fact-finder could and disregard contrary evidence unless a reasonable fact-finder could not. *See id.* at 827. If the evidence would permit reasonable and fair-minded people to reach the finding under review, the legal sufficiency challenge fails. *See id.*

**Landlord-Tenant Relationship**

Farkas argues that Fannie Mae did not establish a landlord-tenant relationship between Fannie Mae and Farkas. Without any explanation, he argues that "Fannie Mae did not provide evidence that the tenant-landlord relationship is not subject to the restriction . . . by the Special Warranty [Deed]" that states "[t]his conveyance is made and accepted to subject to any and all validly existing restrictions . . . and to any applicable zoning laws and building ordinances[.]"[2] Fannie Mae argues that the substitute trustee's deed and special warranty deed establish that Fannie Mae owned the property. Fannie Mae also contends that section 22 of the deed of trust created a landlord-tenant at sufferance relationship between Aurora and Farkas at the time of the foreclosure sale, and that the special warranty deed "extended the landlord/tenant relationship to Fannie Mae[.]"

Viewing the evidence in the light most favorable to the judgment, we conclude that the

---

[2]Farkas misquotes the special warranty deed, but this difference does not affect our analysis. The special warranty deed reads: "This conveyance is made and accepted subject to any and all validly existing restrictions . . . and to any applicable zoning laws or ordinances and building use occupancy code[.]"

–4–

evidence was legally sufficient to establish a landlord-tenant relationship between Fannie Mae and Farkas. *See Hornsby v. Sec'y of Veterans Affairs*, No. 05-11-01075-CV, 2012 WL 3525420, at *3 (Tex. App.—Dallas Aug. 16, 2012, no pet.) (mem. op.) (concluding evidence including a deed of trust provision like section 22 in this case and a warranty deed conveying property to appellee was legally sufficient to establish occupant was tenant at sufferance and that appellee had acquired right to possession). We resolve this part of Farkas's first issue against him.

**Notice to Vacate**

Farkas argues that Fannie Mae did not establish proper delivery of the notice to vacate and, as a result, Fannie Mae violated section 24.005(f) and (g) of the property code by filing the forcible detainer proceeding before properly delivering the notice to vacate. The property code provides that, to prevail in a forcible detainer proceeding, the party seeking possession must show that he gave the occupant proper notice to vacate at least three days prior to filing suit. TEX. PROP. CODE ANN. §§ 24.002(b), 24.005. "Notice by mail may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question." *Id.* § 24.005(f). Additionally, the deed of trust provides that a notice to Farkas "shall be deemed to have been given to" Farkas "when mailed by first class mail[.]"

The record shows that Fannie Mae's counsel sent two separate copies of the notice, one by certified mail with return receipt requested and one by first-class mail to the property. Farkas contends that Fannie Mae did not prove proper delivery of the notice because Fannie Mae presented evidence that Farkas did not receive the notice sent by certified mail and the testimony concerning delivery of the copy sent by first-class mail was "legally insufficient evidence to prove delivery of the Notice to Vacate, because it is based on belief, not on personal knowledge[.]" Fannie Mae argues that it did prove delivery through Jason Sullivan, the custodian of the relevant records for

Fannie Mae's counsel, and that "[i]t was within the Trial Judge's discretion to weigh the evidence with regards to the delivery of the Notice to Vacate" and that the court "determined that the prerequisite delivery occurred and that the delivery of the Notice to Vacate was legally sufficient." We agree with Fannie Mae.

Sullivan testified that the notice was sent by "both certified and regular mail[.]" He also testified that the law firm's standard practice when a letter is returned to the firm is "that it is imaged into the appropriate file[.]" He testified that, if the notice sent by first-class mail had been returned to the law firm, he would have found evidence of its return in the file. He also testified that he did not find any indication in the file that the notice sent by first-class mail had been returned to the law firm. Consequently, the evidence presented, viewed in the light most favorable to the judgment, was legally sufficient to establish that Farkas was given notice to vacate. *See Johnson v. Sec'y of Veterans Affairs*, No. 05-03-01560-CV, 2004 WL 1615842, at *1 (Tex. App.—Dallas July 20, 2004, pet. dism'd w.o.j.) (mem. op.) (concluding appellee's notice to vacate was sufficient when sent by first-class and certified mail to address listed in deed of trust). *Cf. Gore v. Homecomings Fin. Network, Inc.*, No. 05-06-01701-CV, 2008 WL 256830, at *2 (Tex. App.—Dallas Jan. 31, 2008, no pet.) (mem. op.) (finding that party did not meet burden to establish it gave written notice to vacate where "record affirmatively show[ed] the demand letters sent [by first-class mail and by certified mail] . . . were returned unopened and undelivered"). We also resolve this part of Farkas's first issue against him.

### PLEA IN ABATEMENT

In his second issue, Farkas argues that the court erred by denying his plea in abatement because (1) there was an "existing intervening title dispute at the District Court" and (2) the court denied his plea "before Fannie Mae established the proof of tenant-landlord relationship[.]" Fannie

–6–

Mae first contends that Farkas has not properly preserved this issue for appellate review because he does not show where in the record he presented the issue to the trial court and where the trial court ruled on his complaint. The record shows, however, that Farkas presented his plea to the court and that the court denied his plea.

We review the court's denial of Farkas's plea in abatement for an abuse of discretion. *See Lagow v. Hamon ex rel. Roach*, No. 05-10-01499-CV, 2012 WL 3636893, at *2 (Tex. App.—Dallas August 24, 2012, no pet.); *Lee v. GST Transp. Sys., LP*, 334 S.W.3d 16, 18 (Tex. App.—Dallas 2008, pet. denied). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Lagow*, 2012 WL 3636893, at *2.

Farkas argues that *Rice v. Pinney*, 51 S.W.3d 705, 712 (Tex. App.—Dallas 2001, no pet.), and *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied), support his argument that "Fannie Mae did not establish the proof of tenant-landlord relationship with Farkas, therefore the Court did not have an independent base establishing immediate possession without resolving the issue of ti[t]le to the property" and, as a result, the court did not have jurisdiction. But *Rice* and the record in this case support the opposite conclusion. And, as we discussed in *Rice*, *Mitchell* is distinguishable because, unlike the present case, the lien document at issue in *Mitchell* did not create a landlord-tenant relationship upon default or any other independent grounds to establish the right to immediate possession. *Rice*, 51 S.W.3d at 711–12; *see Mitchell*, 911 S.W.2d at 170–71.

The record here shows that the deed of trust established a landlord-tenant relationship between Fannie Mae and Farkas. As in *Rice*, "[t]his landlord-tenant relationship provided an independent basis on which the trial court could determine the issue of immediate possession without

–7–

resolving the issue of title to the property." *Rice*, 51 S.W.3d at 712; *see Bruce*, 352 S.W.3d at 893–94 (concluding similar provision in deed of trust established a landlord-tenant relationship that served as an independent basis for determining right to immediate possession without resolving title issue); *U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625–26 (Tex. App.—Dallas 2008, no pet.) (same). We resolve Farkas's second issue against him.

## CONCLUSION

We resolve Farkas's two issues against him and affirm the judgment of the county court at law.

ELIZABETH LANG-MIERS
JUSTICE

111416F.P05

–8–



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JANOS FARKAS, Appellant

No. 05-11-01416-CV V.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION A/K/A FANNIE MAE,
Appellee

Appeal from the County Court at Law No. 2 of Dallas County, Texas. (Tr.Ct.No. CC-11-06326-B).

Opinion delivered by Justice Lang-Miers, Justices O'Neill and FitzGerald participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee Federal National Mortgage Association a/k/a Fannie Mae recover its costs of this appeal from appellant Janos Farkas and from the supersedeas bond or cash deposit in lieu of supersedeas bond. After all costs have been paid, we **DIRECT** the clerk of the Dallas County court to release the balance, if any, of the cash deposit in lieu of supersedeas bond to Janos Farkas.

Judgment entered October 31, 2012.

ELIZABETH LANG-MIERS
JUSTICE