AFFIRM; Opinion issued December 5, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-11-00524-CV

---

### RODERICK V. GIVENS, Appellant

### V.

### MIDLAND MORTGAGE COMPANY, MIDFIRST BANK,
### AND BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP, Appellees

---

On Appeal from the 192nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-09-04021

---

## OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Fillmore

Appellant Roderick V. Givens appeals the partial summary judgment granted in favor of

appellees Midland Mortgage Company (Midland), MidFirst Bank (MidFirst), and the law firm of

Barrett Daffin Frappier Turner & Engel, LLP (BDFTE), and the final summary judgment granted

in favor of Midland and MidFirst. Givens raises five issues on appeal. Givens contends the trial

court erred in granting summary judgment because a genuine issue of material fact exists as to

whether BDFTE submitted a notice of foreclosure sale in the capacity of trustee and, if not, the trial

court erred in granting summary judgment in favor of Midland and MidFirst because the notice of

foreclosure sale was not given by the lender or trustee. Givens also contends the trial court erred in

granting summary judgment because a genuine issue of material fact exists as to whether BDFTE owed a duty of care to Givens and breached that duty of care, BDFTE failed to properly record a notice of foreclosure sale, and Givens was denied the opportunity to reinstate a loan in violation of a Deed of Trust. Finally, Givens contends the trial court erred in granting Midland and MidFirst's second motion for summary judgment without notice. We affirm the trial court's judgment.

## Background

On March 7, 2003, Givens executed a Note and Deed of Trust securing the refinance of real property and improvements located in Grand Prairie, Texas (the property). The lender on the Note is MidFirst. Midland is MidFirst's mortgage servicer. In August 2008, Givens was in default under the Note. Midland sent notices of default to Givens. Through its legal counsel, BDFTE, Midland sent Givens a Notice of Acceleration and a Notice of Substitute Trustee Sale. The Notice of Substitute Trustee Sale was filed with the Dallas County Clerk. Through BDFTE, Midland also provided Givens with a Reinstatement Quote, setting out the reinstatement funds to be tendered by Givens in order to reinstate the Note. Givens did not tender the amount necessary to reinstate the Note, and the property was sold at a non-judicial foreclosure sale on April 7, 2009.

Givens filed this lawsuit against Midland, MidFirst, and BDFTE, asserting claims of breach of contract, negligent misrepresentation, violations of the deceptive trade practice act (DTPA) and the theft liability act, common law fraud, and for declaratory judgment. Midland, MidFirst, and BDFTE filed a motion for partial summary judgment, seeking dismissal of Givens's claims against BDFTE, and Givens's claims of negligent misrepresentation, DTPA violations, and breach of contract against Midland and MidFirst.

The trial court signed an order of partial summary judgment on April 19, 2010, granting summary judgment in favor of BDTFE on all claims against it, and granting summary judgment in

favor of Midland and MidFirst on Givens's claims of negligent misrepresentation against them. The trial court denied summary judgment on Givens's claims of DTPA violations and breach of contract against Midland and MidFirst.

On December 16, 2010, Midland and MidFirst filed their second motion for summary judgment on their counterclaim for a declaratory judgment that Midland properly conducted a non-judicial foreclosure sale of the property after Givens failed to comply with the terms of the Note and Deed of Trust and for a summary judgment on Givens's claims of breach of contract, DTPA and theft liability act violations, common law fraud, and for declaratory relief. The trial court signed the final summary judgment on January 31, 2011, granting summary judgment in favor of Midland and MidFirst and disposing of all remaining claims against them.

Givens's motion for new trial was overruled by operation of law, and Givens filed this appeal.

## Standard of Review

We review a trial court's decision to grant or deny a motion for summary judgment de novo. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). The standard of review for traditional summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985).[1] The movant has the burden to demonstrate that no genuine issue of material fact exists and he is entitled to judgment as a matter of law. *See Tex.R.*

---

[1] Midland and MidFirst characterize their second motion for summary judgment as a "hybrid" motion in which they sought summary judgment on Givens's remaining claims because Givens "has no evidence with respect to certain elements" of his remaining claims and because of movants' "negation of necessary factual elements" of Givens's remaining causes of action. With regard to a reference to a "no-evidence" component of the motion, Midland and MidFirst do not set out the elements of Givens's remaining causes of action for which there is purportedly no evidence. *See Bever Props., L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, 355 S.W.3d 878, 888 (Tex. App.—Dallas 2011, no pet.) (in no-evidence motion for summary judgment, movant must specifically state which elements of nonmovant's claims lack supporting evidence); *see also* TEX. R. CIV. P. 166a(i) (motion must state the elements as to which there is no evidence); TEX. R. CIV. P. 166a, 1997 cmt. (West 2004) (motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions for general no-evidence challenges to an opponent's case). Rather, Midland and MidFirst's second motion for summary judgment sets out the summary judgment evidence and the legal bases for Midland and MidFirst's entitlement to traditional summary judgment.

Civ. P. 166a(c); *Nixon*, 690 S.W.2d at 548–49. We consider the evidence in the light most favorable to the nonmovant. *See Nixon*, 690 S.W.2d at 549. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

## Identity of Trustee

In his first issue on appeal, Givens contends the trial court erred in granting summary judgment in favor of BDFTE because a genuine issue of material fact exists as to the identity of the trustee. According to Givens, BDFTE "submitted the notice of sale," and because the Deed of Trust provided either the lender or trustee shall give notice of the foreclosure sale, BDFTE was sued as a "substitute trustee."[2] In this issue, Givens further contends that if the trial court was correct in granting summary judgment in favor of BDFTE on Givens's claims that BDFTE was the substitute trustee, then summary judgment in favor of Midland and MidFirst was error because the notice of sale was not given by the lender or trustee as required by the Deed of Trust.

Givens argues that, because the Deed of Trust provides that either the lender or trustee shall give notice of the foreclosure sale, and the formal notice letter with attached Notice of Substitute Trustee Sale was sent to Givens by BDFTE, BDFTE sent the notice of sale as the substitute trustee.[3] Givens does not contend BDFTE was the Lender. On appeal, Givens argues BDFTE filed no summary judgment evidence that the lender, MidFirst, sent notice of sale to Givens.

However, Givens has not contested the summary judgment proof that Midland is the mortgage servicer for the Lender, MidFirst, or that BDFTE is the law firm representing Midland as

---

[2] "Substitute trustee" means "a person appointed by the current mortgagee or mortgage servicer under the terms of the security instrument to exercise the power of sale." TEX. PROP. CODE ANN. § 51.001(7) (West. Supp. 2012).

[3] We note that the Notice of Substitute Trustee Sale enclosed with the correspondence from BDFTE advised the substitute trustee would sell the property at the foreclosure sale and reflects a signature by substitute trustee "L. Patton."

–4–

MidFirst's mortgage servicer. The uncontested summary judgment proof in support of the motion for partial summary judgment contains the letter from BDFTE forwarding the Notice of Substitute Trustee Sale. That letter includes the following statements:

> This law firm represents MIDLAND MORTGAGE CO., the Mortgage Servicer, in its mortgage banking activities in the State of Texas. We have been authorized by the Mortgage Servicer to initiate legal proceedings in connection with the collection of a debt associated with a Deed of Trust. . . .
> MIDLAND MORTGAGE CO. is acting as the Mortgage Servicer for MIDFIRST BANK, who is the Mortgagee of the Note and Deed of Trust associated with [the loan at issue]. . . .
> The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and the Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.

BDFTE's summary judgment evidence also includes the affidavit of Thad Burr, Vice President of Midland and custodian of records for Midland with respect to Givens's loan, in which he attested Midland is the loan servicer for the note holder and beneficiary of the Deed of Trust, MidFirst. Burr further attested that, "[a]fter [Givens] failed to bring the Note current as requested in the Notices of Default, [Midland], through legal counsel, sent [Givens] a Notice of Acceleration along with a Notice of Substitute Trustee Sale." *See Bass v. Bass*, 790 S.W.2d 113, 117–18 (Tex. App.—Fort Worth 1990, no writ) (uncontested facts in movant's affidavit in support of summary judgment are accepted as true on appeal).

Section 51.0025 of the property code provides that a mortgage servicer may administer the foreclosure of property under section 51.002 on behalf of a mortgagee if the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage and if:

> the notices required under Section 51.002(b) disclose that the mortgage servicer is representing the mortgagee under a servicing agreement with the mortgagee and the

name of the mortgagee; and:
  (A) the address of the mortgagee; or
  (B) the address of the mortgage servicer, if there is an agreement granting a
  mortgage servicer the authority to service the mortgage.

TEX. PROP. CODE ANN. § 51.0025 (West Supp. 2012). The Notice of Substitute Trustee Sale included in BDFTE's summary judgment evidence states that Midland was representing MidFirst in accordance with a servicing agreement and provides MidFirst's address.

The uncontested summary judgment evidence in support of the motion for partial summary judgment also includes the affidavit of Shelley Douglass, an attorney with BDFTE. *See Bass*, 790 S.W.2d at 117–18. Douglass attested BDFTE and its attorneys were retained by Midland as foreclosure counsel "to commence foreclosure proceedings to enforce [MidFirst's] lien against the Property secured by the Loan Agreement" and to provide Midland with legal representation in protecting its interests against those of Givens. In her affidavit, Douglass states that, to the extent BDFTE had any contact or communication with Givens, that contact or communication was conducted by BDFTE solely in its capacity as counsel for Midland. *See Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 233 (Tex. App.—Dallas 2000, pet. denied) (generally an attorney is exempt from liability to a party other than his client for damages because an attorney deals at arm's length with adverse parties and, therefore, he is not liable to them for his actions as an attorney on behalf of his client) (citing *Martin v. Trevino*, 578 S.W.2d 763, 771 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.)); *see also Renfroe v. Jones & Assocs.*, 947 S.W.2d 285, 287–88 (Tex. App.—Fort Worth 1997, writ denied) (reasoning that attorney does not have a right of recovery, under any cause of action, against another attorney arising from conduct in which second attorney engaged while representing a party in the lawsuit in which the first attorney also represented a party, applies with equal force to liability of an attorney to the opposing party) (citing *Bradt v. West*, 892 S.W.2d 56,

71–72 (Tex. App.—Houston [1st Dist.] 1994, writ denied) and *Taco Bell Corp. v. Cracken*, 939 F. Supp. 528, 532 (N.D. Tex. 1996)).

We are unpersuaded by Givens's argument that a genuine issue of material fact exists as to whether BDFTE was serving as the substitute trustee in providing the notice of the foreclosure sale. The summary judgment evidence established BDFTE was serving as legal counsel for the mortgage servicer, Midland, in providing the foreclosure notice on behalf of the lender, MidFirst. We are, therefore, also unpersuaded by Givens's argument that if the trial court was correct in granting summary judgment in favor of BDFTE on Givens's claims that BDFTE was the substitute trustee, then summary judgment in favor of Midland and MidFirst was error because the notice of sale was not delivered by the lender or trustee as required by the Deed of Trust.

We resolve Givens's first issue against him.

### Duty of Care Owed by BDFTE to Givens

In his second issue, Givens contends that, if correct in his first issue that the trial court erred in granting summary judgment in favor of BDFTE because it was the substitute trustee, then genuine issues of material fact exist as to whether BDFTE, as the alleged substitute trustee, owed Givens a duty of care and whether such a duty of care was breached by BDFTE. Having concluded with regard to Givens's first issue that the trial court did not err in granting summary judgment in favor of BDFTE because no genuine issue of material fact exists on Givens's assertion that BDFTE was the substitute trustee, we need not address Givens's second issue. *See* TEX. R. APP. P. 47.1.

### Notice of Sale

In his third issue, Givens contends the trial court erred in granting summary judgment in favor of appellees, because a genuine issue of material fact exists as to whether the notice of foreclosure sale was properly recorded where the notice of foreclosure sale was not recorded in the

deed records twenty-one days prior to the foreclosure sale of the property.

A Notice of Substitute Trustee Sale was included in the summary judgment evidence supporting the motion for partial summary judgment and the second motion for summary judgment. In support of the motion for partial summary judgment and the second motion for summary judgment, Burr attests in his affidavits that the Notice of Substitute Trustee Sale attached to his affidavits was filed with the County Clerk of Dallas County on January 26, 2009. The Notice of Substitute Trustee Sale bears a stamp showing the original of that document was filed with the Dallas County Clerk on January 26, 2009.

Despite Burr establishing in his affidavits that the Notice of Substitute Trustee Sale is a business record, on appeal Givens asserts the Notice of Substitute Trustee Sale is not self-authenticating under rule of evidence 902 and is, therefore, inadmissible hearsay. Even assuming Givens is correct, however, this hearsay objection to the Notice of Substitute Trustee Sale was not raised in the trial court. This authentication argument alleges a complaint of defect in the form of the summary judgment evidence and cannot be grounds for reversal unless specifically pointed out to the trial court by objection. *See Republic Bankers Life Ins. Co. v. Wood*, 792 S.W.2d 768, 774–75 (Tex. App.—Fort Worth 1990, writ denied). Givens's contention that the Notice of Substitute Trustee Sale was not competent summary judgment evidence has not been preserved for appellate review, and he has waived the right to complain about the evidence on appeal. *See* TEX. R. APP. P. 33.1(a)(2); *Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 28–29 (Tex. App.—Dallas 1992, no writ).

The Deed of Trust provides that, if the lender invokes the power of foreclosure sale, "Lender or Trustee shall give notice of the time, place and terms of sale by posting and recording the notice at least 21 days prior to sale as provided by applicable law." Givens argues the "applicable law,"

section 51.002(b)(2) of the property code, required the lender or trustee to record the notice of foreclosure sale in the deed records, which was not done here. We have previously rejected this argument in *Montgomery v. Aurora Loan Services, LLC*, 375 S.W.3d 617(Tex. App.—Dallas, pet. filed).

> Section 51.002(b) of the property code provides:
>
> (b) Except as provided by Subsection (b-1) [which is not applicable here], notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by:
>> (1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;
>> (2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and
>> (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

TEX. PROP. CODE ANN. § 51.002(b) (West Supp. 2011). "The plain language of section 51.002(b)(2) requires a party to file the notice of sale with the county clerk in which the property is located." *Aurora Loan Servs.*, 375 S.W.3d at 621; *see* TEX. PROP. CODE ANN. § 51.002(b)(2). "It does not require the notice of sale to be recorded in the permanent deed records. *Aurora Loan Servs.*, 375 S.W.3d at 621; *see also Thompson*, 840 S.W.2d at 32. "Based on the statute's plain language, we conclude that the legislature did not intend subsection (b)(2) of section 51.002 to require a party to record a notice of foreclosure sale in the permanent deed records of the county in which the property is located." *Aurora Loan Servs.*, 375 S.W.3d at 621; *see also Thompson*, 840 S.W.2d at 32.

We resolve Givens's third issue against him.

### Reinstatement of the Loan

In his fourth issue, Givens argues the trial court erred in granting summary judgment because, in violation of the Deed of Trust, he was denied the "opportunity" to reinstate the loan.

Givens's appellate briefing of this issue consists of his verbatim repetition of his allegations under the caption "Reinstatement" of his First Verified Amended Petition.[4] Significantly, in the text from his petition repeated as his fourth issue on appeal, Givens has emphasized a portion of the "Reinstatement" provision of the Deed of Trust that states, "Borrower shall tender in a lump sum all amounts required to bring Borrower's account current . . .,"[5] and acknowledges in his pleading and his appellate brief that he did not tender the reinstatement amount. *See Baucum v. Great Am. Ins. Co. of N.Y.*, 370 S.W.2d 863, 866 (Tex. 1963) (valid and legal tender of money consists of actual production of the funds and offer to pay the debt involved); *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (tender of whatever sum is owed on mortgage debt is condition precedent to mortgagor's recovery of title from mortgagee who is in possession and claims title under a void foreclosure sale). Moreover, the trial court signed a December 2, 2010 order granting sanctions against Givens whereby Midland's and MidFirst's requests for admissions were deemed admitted by Givens.[6] In response to a request for admission by Midland and MidFirst, Givens was deemed to have admitted he failed to pay the total amount demanded to be paid in the Reinstatement Quote. Further, in support of the motion for partial summary judgment and the second motion for summary judgment, Burr attested in his affidavits:

> Upon the request of Mortgagor [Givens], [Midland], through legal counsel, provided [Givens] with a Reinstatement Quote setting out the necessary funds to be paid in order to reinstate the Note. Payment was not received as requested in the Reinstatement Quote.

---

[4] We note Givens's appellate brief contains no citation to the record or legal authority to support this issue on appeal.

[5] The "Reinstatement" provision of the Deed of Trust further provides that the lump sum to be tendered to reinstate the Note or Security Instrument includes "to the extent they are obligations of the Borrower under this Security Instrument, foreclosure costs and reasonable attorneys fees and expenses properly associated with the foreclosure proceeding."

[6] Givens does not complain on appeal about the December 2, 2010 order granting sanctions against him.

A copy of the Reinstatement Quote was attached to Burr's affidavits. *See Bass*, 790 S.W.2d at 117–18 (uncontested facts in movant's affidavit in support of summary judgment are accepted as true on appeal). In Givens's response to appellees' motion for partial summary judgment, he states he does not dispute that a letter characterized as a reinstatement quote was sent to him by BDFTE. [7]

We conclude that on this record, no genuine issue of material fact exists with regard to Givens's claim he was denied the "opportunity" to reinstate the loan in violation of the Deed of Trust. The trial court did not err in granting summary judgment on Givens's "reinstatement" claim. We resolve Givens's fourth issue against him.

### Submission of Second Motion for Summary Judgment

In his fifth issue on appeal, Givens asserts the trial court erred because it considered the second motion for summary judgment filed by Midland and MidFirst without notice. According to Givens, that second motion for summary judgment "was ruled on without giving Givens with [sic] an opportunity to respond." Givens argues he did not receive adequate notice of a hearing on the second motion for summary judgment or of the trial court's "submission setting on the day of the hearing."

The record reflects that on January 21, 2011, Givens's counsel was served by hand delivery and by email with notice of the hearing of Midland's and MidFirst's second motion for summary judgment scheduled for 9:15 a.m., January 26, 2011. At the hearing of Givens's motion for new trial, Givens's counsel confirmed that, at the latest, she received notice of a hearing on the second motion for summary judgment on January 24, 2011, although she states she was not aware of the date of the hearing until January 25, 2011. Despite knowing the hearing was scheduled for January

---

[7] Givens makes the conclusory statement at the end of his cursory argument of this issue that an alleged failure to apply a just and lawful offset violates the terms of the Deed of Trust and "Defendants provide no evidence that they applied the payments to Givens' account." However, there is no summary judgment evidence in the record of the "payments" Givens argues were not applied to his account.

26, 2011, Givens's counsel did not file an objection to the hearing. *See May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 627 (Tex. App.—Tyler 2001, no pet.) (where amended motion for summary judgment served by fax two days prior to hearing thereon, court of appeals held there was adequate time to file written objection prior to the hearing and waived right to raise such issue on appeal where no objection in writing filed with trial court prior to the hearing). Further, counsel for Givens informed the trial court at the hearing of Givens's motion for new trial that she did not attend the January 26, 2011 hearing because she had a 10:00 a.m. hearing in another court that day.

What Givens does not include in her brief on appeal is the fact, as confirmed by the trial court at the hearing of Givens's motion for new trial, that no hearing took place on January 26, 2011. Rather, because Givens's counsel was not present at the scheduled hearing of the second motion for summary judgment, the trial court did not hear argument from movants' counsel, and, instead, considered the second motion for summary judgment by submission.

We are also unpersuaded by Givens's argument that the second motion for summary judgment being considered by submission "abrogated" his "rights to be heard" and "was ruled on without giving Givens with [sic] an opportunity to respond." At the hearing of his motion for new trial, Givens's counsel advised the trial court that if she had known the motion for summary judgment was to be considered by submission, she would have "submitted something" to the trial court. However, as Givens acknowledges, oral hearing of a motion for summary judgment is not mandatory. *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998); *see also* TEX. R. CIV. P. 166a(c) (no oral testimony shall be received at a hearing on a motion for summary judgment). Further, at a November 29, 2010 hearing, the parties announced their agreement to waive time requirements for filing motions for summary judgment and that such motions would be ripe for consideration by the trial court the first week in January 2011. The

following exchange occurred at that hearing between the trial court, counsel for movants Midland and MidFirst, and Givens's counsel:

> Movants' Counsel: And if we're 45 days out, would the Court afford me the opportunity to file a summary judgment motion before trial?
> Givens's Counsel: We would like the same opportunity, Your Honor.
>
> * * *
>
> The Court: Okay. I'm going to let y'all both do it. Y'all go – you waive time requirements, we'll hear it the first week in January.
> Givens's Counsel: Yes, Your Honor.
> Movants' Counsel: Yes, Judge.
> Trial Court: Both of y'all file them and we will get them done.

The second motion for summary judgment was filed on December 16, 2010. Despite having agreed any motions for summary judgment filed would be ripe for consideration the first week of January 2011, Givens did not file a response to the second motion for summary judgment.[8]

At the hearing of Givens's motion for new trial and on appeal, Givens argues Midland and MidFirst failed to "seek a certificate of conference as to the hearing date." However, there is no requirement under the rules of civil procedure or the local rules of the Dallas County civil district courts requiring a certificate of conference regarding a summary judgment hearing date, and Givens has cited to no authority for such an argument. *See* TEX. CIV. DIST. CT. LOC. R. 2.07(e) (certificate of conference is not required for motions for summary judgment).

We conclude the trial court did not err in ruling on the second motion for summary judgment. We resolve Givens's fifth issue against him.

---

[8] Givens's counsel stated in appellant's brief that she "did not file a written response to the Summary Judgment Motion as the Motion and evidence did not controvert the claims being made by Plaintiff in the verified pleadings." *See Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 543 (Tex. 1971) ("Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes.")

## Conclusion

Having resolved Givens's issues against him, we affirm the trial court's judgment.

ROBERT M. FILLMORE
JUSTICE

110524F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODERICK V. GIVENS, Appellant

No. 05-11-00524-CV      V.

MIDLAND MORTGAGE COMPANY, MIDFIRST BANK, AND BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP, Appellees

Appeal from the 192nd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. DC-09-04021).

Opinion delivered by Justice Fillmore, Justices Moseley and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellees Midland Mortgage Company, MidFirst Bank, and Barrett Daffin Frappier Turner & Engel, LLP, recover their costs of this appeal from appellant Roderick V. Givens.

Judgment entered December 5, 2012.

ROBERT M. FILLMORE
JUSTICE