

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00211-CV

AMY MURRY                                                    APPELLANT

V.

BANK OF AMERICA, N.A.                                        APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2013-002087-1

----------

## MEMORANDUM OPINION[1]

----------

Appellant Amy Murry, pro se, brings six issues challenging the county court's judgment in favor of Appellee Bank of America, N.A., on its forcible detainer action.[2]  Murry's issues are based on a "notice of rescission" that she

---

[1]*See* Tex. R. App. P. 47.4.

[2]Effective August 31, 2013, the rules of civil procedure applicable to forcible detainer actions in justice courts were repealed and new rules for suits in justice courts were added.  Because Murry had filed her notice of appeal before

filed in the Tarrant County property records on the same day as the foreclosure sale of her property in Arlington, Texas. Because we hold that Murry's arguments based on the notice of rescission are not properly raised in a forcible detainer action, we affirm.

In 2003, Murry executed a deed of trust, with Mortgage Electronic Registration Systems, Inc., as nominee for the lender, named as beneficiary, and a different entity named as the lender. The deed of trust provided that Murry would be a tenant at sufferance if, upon default, the property was sold at a foreclosure sale in accordance with the deed of trust and Murry did not surrender possession to the purchaser.

On February 5, 2013, Bank of America purchased the property at a foreclosure sale. On that same date, Murry filed a document in the county property records. By this document, titled a "notice of rescission," Murry attempted to rescind the deed of trust.

Bank of America sent Murry notice to vacate, and when she did not surrender possession, it filed a forcible detainer action in the justice of the peace court. After the justice court granted possession to Bank of America, Murry appealed to the county court. The county court signed a judgment of possession in favor of Bank of America, and Murry filed this appeal.

---

the new rules became effective, the old rules apply here. *See* Supreme Court of Tex., Final Approval of Rules for Justice Court Cases, Docket No. 13-9049 (Apr. 15, 2013).

2

We begin with Murry's fifth issue, in which she asks whether "the trial court lack[ed] subject matter jurisdiction after a clear title dispute was presented to the court." A person commits forcible detainer if the person "is a tenant at will or by sufferance" and the person refuses to surrender possession of the property on demand.[3] A plaintiff in a forcible detainer action may show a superior right to possession by establishing that it purchased the property at a foreclosure sale conducted in accordance with a deed of trust and that the deed of trust creates a tenancy at sufferance upon foreclosure.[4] The plaintiff in that case must show that "(1) the plaintiff owns the property, (2) the defendant became a tenant at sufferance when the property was purchased under the deed of trust, (3) the plaintiff gave proper notice to defendant to vacate the premises, and (4) the defendant refused to vacate the premises."[5]

Justice courts have jurisdiction over forcible detainer actions.[6] By statute, justice courts do not have jurisdiction over title disputes, and by rule, a justice

---

[3]Tex. Prop. Code Ann. § 24.002 (West 2000).

[4]*See Aguilar v. Weber*, 72 S.W.3d 729, 733 (Tex. App.—Waco 2002, no pet.) (observing that courts have held that a forcible detainer action is dependent on proof of a landlord-tenant relationship).

[5]*Brittingham v. Fed. Home Loan Mortg. Corp.*, No. 02-12-00416-CV, 2013 WL 4506787, at *1 (Tex. App.—Fort Worth Aug. 22, 2013, pet. dism'd w.o.j.) (mem. op.) (applying property code section 24.002).

[6]Tex. Gov't Code Ann. § 27.031(a)(2) (West Supp. 2013); Tex. Prop. Code Ann. § 24.004 (West Supp. 2013).

3

court may not adjudicate the question of title in a forcible detainer action.[7] Accordingly, a justice court has no jurisdiction over a forcible detainer action if the adjudication of the action requires resolution of a title dispute.[8] And because a county court conducting a trial de novo in an appeal from a justice court is limited to the jurisdiction of the justice court, a county court hearing an appeal in a forcible detainer action also has no jurisdiction over the action if it requires resolution of a title dispute.[9]

But the mere existence of a title dispute does not deprive the court of jurisdiction.[10] It is only when the right to immediate possession *necessarily*

---

[7]Tex. Gov't Code Ann. § 27.031(b); Tex. R. Civ. P. 746 (West 2013, repealed 2013); *Rice v. Pinney*, 51 S.W.3d 705, 708–09 (Tex. App.—Dallas 2001, no pet.).

[8]Tex. Gov't Code Ann. § 27.031(b); *Rice*, 51 S.W.3d at 708.

[9]Tex. R. Civ. P. 749 (West 2013, repealed 2013) (stating that an appeal in a forcible detainer action is to the county court); Tex. R. Civ. P. 751 (West 2013, repealed 2013) (providing that the appeal must be tried de novo); *Rice*, 51 S.W.3d at 708–09 (stating that a county court hearing an appeal in a forcible detainer action has no jurisdiction if the justice court had no jurisdiction).

[10]*Montgomery v. Aurora Loan Servs., LLC*, 375 S.W.3d 617, 621 (Tex. App.—Dallas 2012, pet. denied) ("[W]hether Aurora lacked authority to sell the property at foreclosure or whether the substitute trustee's deed is valid may not be determined in a forcible detainer lawsuit."); *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd) ("Any defects in the foreclosure process or with the purchaser's title to the property may not be considered in a forcible detainer action."); *Pledged Prop. II, LLC v. Redden*, No. 12-09-00191-CV, 2010 WL 3341524, at *3 (Tex. App.—Tyler Aug. 25, 2010, no pet.) (mem. op.) ("[W]hether Daniel was a proper trustee or whether the underlying foreclosure sale was void was outside the scope of the forcible detainer action.").

4

requires resolution of the title dispute, that is, when the court's decision of which party has a superior right of possession must rest on a determination of title, that the justice court may not adjudicate the forcible detainer action.[11]

Here, Bank of America produced ownership of the property by way of the foreclosure deed, which showed that the property had been sold at a foreclosure sale and that Bank of America had purchased the property at that sale. Bank of America showed a landlord-tenant relationship by way of the deed of trust, which contained a provision creating a tenancy at sufferance if Murry refused to vacate the premises if the property was sold at a foreclosure sale. Murry acknowledged to the county court that she received notice to vacate and that she was still in possession of the property at the time of the hearing.

Because the deed of trust gave rise to a landlord-tenant relationship upon foreclosure, the county court did not have to determine which party was the true owner of the property to resolve the question of possession, and therefore the court did not have to resolve a title dispute in order to determine who had the right to possession.[12] Because a foreclosure sale occurred (whether rightfully or

---

[11]*Rice*, 51 S.W.3d at 709; *see, e.g., Mortgage Elec. Registration Sys. v. Young*, No. 02-08-00088-CV, 2009 WL 1564994, at *5 (Tex. App.—Fort Worth June 4, 2009, no pet.) (mem. op.) (finding a title dispute when the evidence showed that the plaintiff in the forcible detainer action had purchased the property but then conveyed it to another party).

[12]*Cf., e.g., Saihat Corp. v. Miller*, No. 01-11-00119-CV, 2013 WL 4634814, at *7 (Tex. App.—Houston [1st Dist.] Aug. 27, 2013, no pet.) (mem. op.) (considering a forcible detainer claim not involving a foreclosure sale under a deed of trust in which the property had been sold at a constable's sale to satisfy

5

wrongfully), Murry became a tenant at sufferance. Because Bank of America bought the property at the sale, it became the landlord and entitled to possession. Bank of America therefore met its burden in the forcible detainer action.

Murry challenged whether the deed of trust was still effective in the face of her notice of rescission, but she acknowledged the creation of the deed of trust.[13] That deed of trust, when executed, contained a provision creating a tenancy at sufferance upon foreclosure. Accordingly, even if Murry's notice of rescission could unilaterally revoke the deed of trust, it would give rise to a claim for wrongful foreclosure, but it did not provide a defense to Bank of America's forcible detainer action. Accordingly, we hold that the notice of rescission, even if valid, did not deprive the court of jurisdiction. We overrule Murry's fifth issue.

In her first issue, Murry asks whether the county court "abuse[d] its discretion by failing to impanel the awaiting jury, failing to allow the jury trial to proceed, and deciding the case from the bench." The role of the jury is to find

a judgment against the defendant and the defendant defended on the ground that the property foreclosed upon was his homestead, and dismissing the claim for want of jurisdiction because "neither the justice court nor the county court at law could have determined which party had the superior right of possession without first determining title (i.e., whether the constable's sale was void because the property was Edwards' homestead)"); *Aguilar*, 72 S.W.3d at 733 ("One indication that a justice court (and county court on appeal) is called on to adjudicate title to real estate in a forcible detainer case—and, thus, exceed its jurisdiction—is when a landlord tenant relationship is lacking.").

[13] *Cf. Johnson v. Coppel*, No. 01-09-00392-CV, 2012 WL 344757, at \*7 (Tex. App.—Houston [1st Dist.] Feb. 2, 2012, no pet.) (mem. op.) (reviewing summary judgment in a case involving an allegation that the deed of trust was a forgery).

6

facts.[14]  At the start of the proceedings, the county court ruled on the admissibility of the parties' evidence, including the deed of trust, the foreclosure deed, and Murry's notice of rescission.  When it came time to discuss the jury charge, the county court stated that it did not believe there was a question for the jury.  Because Murry wished to proceed with the jury trial, the court asked Murry what fact question she believed existed to submit to the jury.  The only question she suggested related to whether Bank of America had the authority to foreclose.  Other than that question, Murry stated that she "wasn't prepared to present a question of fact."

On appeal, Murry argues that she was denied the opportunity for a jury trial due to the county court's failure to admit the notice of rescission.  Murry states that the jury should have been allowed to determine who had the right to immediate possession and that the jury should have been allowed "to determine the fact that the Notice of Rescission was duly and properly filed prior to the foreclosure sale."  She argues that the county court's refusal to admit the notice of rescission led to the court's conclusion that there was no fact issue for the jury.

The notice of rescission related to whether the foreclosure was valid or wrongful.  It did not create a fact question about whether the property had been

---

[14] *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 535 (Tex. 1995) (Spector, J., concurring and dissenting) ("The right of trial by jury dictates that a jury must be allowed to decide all matters of fact."); *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991) (stating that a refusal to grant a jury trial is harmless error if the record shows that no material issues of fact exist and an instructed verdict would have been justified).

sold at a foreclosure sale, whether the foreclosure had been conducted under a deed of trust with a tenancy at sufferance provision, whether Bank of America had purchased the property at the sale, or whether Bank of America had sent notice to Murry to vacate. Accordingly, the notice of rescission did not raise a fact issue relevant to Bank of America's right of possession. Murry told the county court that she had no other fact issue to present, and, accordingly, it was not reversible error for the county court to determine that there was no question of fact for the jury. We overrule Murry's first issue.

In her second issue, Murry asks whether the county court "abuse[d] its discretion by failing to take judicial notice of the Tarrant County Deed Records and give all properly filed and certified copies of documents the same weight." Murry complains that the county court failed to take judicial notice of the notice of rescission. But because the notice was not relevant to the forcible detainer action, if the county court abused its discretion by failing to take judicial notice of the document, Murry was not harmed.[15]

Murry contends that because her notice of rescission made the deed of trust void, it did not create a landlord-tenant relationship when the property was sold at the foreclosure sale. But that argument raises an issue not properly raised in a forcible detainer action. Murry may raise this argument in a different proceeding, such as a suit for wrongful foreclosure. But as stated above, it is not

---

[15]*See* Tex. R. App. P. 44.1.

8

relevant to whether the property was sold at a foreclosure sale under a deed of trust with a tenancy at sufferance provision and bought at the sale by Bank of America. Accordingly, we overrule Murry's second issue.

Murry asks in her third issue whether the county court "abuse[d] its discretion when denying the admissibility of Murry's certified copy of the Notice of Rescission that was filed first in time, after admitting [Bank of America]'s certified copy of the Substitute Trustee's Deed when both documents are properly filed and recorded official records of Tarrant County." We have already held that the notice of rescission was not relevant to this forcible detainer action, and we therefore hold that the county court did not abuse its discretion by failing to admit the document.[16] We overrule Murry's third issue.

Murry asks in her fourth issue whether the county court "abuse[d] its discretion by sustaining objections made by [Bank of America] under [Murry]'s Offer of Proof and failing to allow [Murry] to tender exhibits to the court reporter for the record after the Offer of Proof was made." In the argument section of her brief, she reframes the issue as a failure by the county court to allow her to tender exhibits. Murry's brief argument under this issue challenges the county court's failure to allow her to make an offer of proof. Her argument is as follows:

> The trial court denied the admission of Murry's exhibits. (RR, 37, L. 8). Murry then made an Offer of Proof for the appellate record. (RR, 37, L. 9). [Bank of America], through counsel, objected to the Offer of Proof (RR, 37, L. 12) stating:

---

[16]*See* Tex. R. Evid. 402 ("Evidence which is not relevant is inadmissible.").

9

[Counsel]: Your Honor, I would object because that's not what we're here to do. The offer of proof has nothing to do with a possession case.

Texas Rule of Evidence 103 provides that a party may make an Offer of Proof for the appellate record, without objection by the opposing party, strictly for the appellate record. The court must allow the Offer to be made, yet the trial court in this case agreed with counsel for Appellee that "it has nothing to do with the matter before the court". (RR, 37, L. 22).

Accordingly, the Court should find that Murry properly preserved her evidence under the Offer of Proof, and find reversible error.

Construing this argument liberally, we believe Murry challenges both the denial of her offer of proof and the exclusion of the evidence. Murry does not specify what evidence she believes the county court should have admitted into evidence. Although the county court did not allow Murry to submit excluded documents as part of her offer of proof, with respect to her notice of rescission, she described what the notice stated, and the county court noted that she had already described the document when the court denied her request to include it in the record. She described it as not terminating any debt and terminating only the power of sale clause in the deed of trust, stating that "[i]t has nothing to do with the note." The county court noted that the notice was dated February 4, 2013 and filed February 5, 2013. When Murry argued that she was allowed under the rules to make an offer of proof, the trial court stated, "You just did." Thus, the county court did allow her to make an offer of proof regarding the

10

notice of rescission. As for whether the county court should have admitted that document into evidence, we have already addressed Murry's argument. We overrule Murry's fourth issue.

In her sixth and final issue, Murry asks whether the county court "abuse[d] its discretion by failing to grant Murry's special exceptions and Motion to Strike the Business Records Affidavit filed by [Bank of America] and Motion to Dismiss." Murry complains about the business records affidavit of Sharon Vaughan. She complains that Vaughan is not an employee of Bank of America or its law firm and does not show how the business records Vaughan references in her affidavit came into her possession. Murry also argues that she attempted to introduce into evidence a copy of a consent order between Bank of America and the federal government finding that Bank of America had

> filed or caused to be filed in state and federal courts affidavits executed by its employees or employees of third-party service providers making various assertions . . . in which the affiant represented that the assertions in the affidavit were made based on personal knowledge or based on a review by the affiant of the relevant books and records, when, in many cases, they were not based on such personal knowledge or review of the relevant books and records.

Murry argues that this consent order is evidence indicating a lack of trustworthiness of Vaughan's affidavit.

In Vaughan's affidavit, she stated that she was an employee of National Default Exchange L.P., "an affiliated service provider" for Barrett Daffin Frappier Turner & Engel, LLP; that she is the custodian of records for that law firm; and

11

that Murry had been given notice to vacate. Murry acknowledged that she received notice to vacate, and she does not challenge the county court's finding that Bank of America sent her notice to vacate. Thus, if the county court abused its discretion by admitting the affidavit, Murry was not harmed by the admission.[17] We overrule Murry's sixth issue.

Having overruled all of Murry's issues, we affirm the county court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: July 17, 2014

---

[17]*See* Tex. R. App. P. 44.1.